IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MUNOZ PENA,
a/k/a ANTONIO CARMONA
        Plaintiff,

vs.                                      Case No. 3:11cv604/MCR/EMT

JAMES DAVID MESSICK,
        Defendant.

## ORDER, REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1) and motion to proceed in forma pauperis (doc. 2). Leave to proceed in forma pauperis will be granted for the purpose of this recommendation.[1]

      Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule.  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The

---

[1] If the recommendation is not adopted by the district court, Plaintiff is advised that he may be required to pay an initial partial filing fee, and the entire $350.00 fee will be assessed.

allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).   Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In his complaint, Plaintiff, an inmate at the Federal Correctional Institution Gilmer, sues James David Messick of Crestview Florida.  Plaintiff alleges that Messick assaulted him on December 16, 2006, at a Farmer's Market in Jay, Florida, simply because of Messick's hatred of Hispanic persons, causing life threatening injuries.  Plaintiff seeks $100,000 in damages.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. " West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); *see also* Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) (citing West). The "color of state law" requirement generally excludes merely private conduct, no matter how

discriminatory or wrongful.  Focus on the Family v. Pinellas Sun Coast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003).  In Adickes v. S.H. Kress & Co., the Supreme Court noted that a private party who is involved in a conspiracy with, i.e., is a willful participant in joint activity with, a state actor is acting "under color of law" for purposes of § 1983.  Adickes, 398 U.S. 144, 152 (1970).  In this case there is no suggestion in the complaint that Messick acted anything but alone in carrying out his brutal assault on Plaintiff.  The Eleventh Circuit has further explained a private party should only be viewed as a state actor for § 1983 purposes in rare circumstances.  Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001); Wilson v. Dollar-Thrifty Auto Group South Fla., 286 Fed. Appx. 640 (11th Cir. 2008).  To hold that private parties are state actors, the court must conclude that one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

Rayburn, 241 F.3d at 1347 (alterations in original) (citation omitted); Wilson, *supra*; *see also* Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961) (originating the nexus/joint action test).

To sustain a claim under the nexus/joint action test, the symbiotic relationship must involve the alleged constitutional violation.  Patrick v. Floyd Medical Center, 201 F.3d 1313, 1316 (11th Cir. 2000); National Broadcasting Co. v. Communications Workers, 860 F.2d 1022, 1027 (11th Cir. 1988) (citing San Francisco Arts & Athletics, Inc. v. United States Olympic Comm., 483 U.S. 522, 547 n. 29 (1987)).  Each case is analyzed on its own facts to determine whether the interdependence between the private and state entities reflects sufficient state involvement to provide the basis for a § 1983 claim.  Focus on the Family v. Pinellas Suncoast Transit, 344 F.3d 1263, 1277 (11th Cir. 2003); Patrick v. Floyd Medical Center, 210 F.3d at 1315 (citing Burton v. Wilmington Parking Authority, 365 U.S. 715, 726 (1961)); Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993) (examining relationship between private and public entities and finding insufficient symbiotic relationship to state a § 1983 claim).  The allegations of the complaint simply do not establish that Defendant Messick was a state actor.

Even assuming that Messick was a state actor, Plaintiff's claim is barred by the statute of limitations. Because section 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985). Further, the Court stated that the statute, once selected, should govern all section 1983 actions arising in that state. *Id*. at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida, where Plaintiff's claim arose, is four (4) years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002); Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Grace v. Wainwright, 761 F. Supp. 1520 (M.D. Fla. 1991); *see* Fla. Stat. § 95.11(3). A four-year statute of limitations is provided under section 95.11(3)(o), Florida Statutes, for actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment or any other intentional tort (with some exceptions not applicable here). Negligence is covered under § 95.11(3)(a). Any actions "not specifically provided for in these statutes" are also subject to a four-year statute of limitations. Fla. Stat. 95.11(3)(p). Because the incident complained of occurred in December of 2006, any claims related thereto are barred by the statute of limitations and thus subject to dismissal.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is **ORDERED:**

Plaintiff's motion for leave to proceed in forma pauperis (doc. 2) is **GRANTED** for the purpose of this order as set forth herein.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 20<u>th</u> day of December, 2011.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).