IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MUNOZ PENA,
a/k/a ANTONIO CARMONA
        Plaintiff,

vs.                                              Case No. 3:11cv604/MCR/EMT

JAMES DAVID MESSICK,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding in forma pauperis, initiated this action brought pursuant to 42 U.S.C. § 1983 by filing a complaint on or about December 13, 2011 (*see* doc. 1 at 8). On December 20, 2011, this court entered a Report and Recommendation recommending dismissal of the case for failure to state a claim for relief (doc. 4).[1] No objections were filed. On January 20, 2012, the district court adopted this court's recommendation (doc. 5), and on January 23, 2012, the clerk entered judgment (doc. 6). On or about November 13, 2013, Plaintiff filed a motion to reopen this case (*see* doc. 9 at 9), which motion is now before the court. Citing Fed. R. Civ. P. 60(b), Plaintiff seeks to have the case reopened and transferred to the Northern District of West Virginia, the district in which he is currently incarcerated. Plaintiff seems to assert that previously he had incompetent assistance in filing his complaint and that he is now able to cure the complaint's defects (*id*. at 1).

---

[1] In his complaint, Plaintiff alleged that James David Messick of Crestview, Florida, assaulted him on December 16, 2006, at a Farmer's Market in Jay, Florida, simply because of Messick's hatred of Hispanic persons, causing life-threatening injuries. Plaintiff sought $100,000 in damages. The undersigned recommended dismissal on the ground that, even if Messick were a state actor, as is required to state a claim under § 1983, Plaintiff's claim was barred by the applicable four-year statute of limitations (*see* doc. 4 at 2, 4).

Rule 60(b) permits a party to move for relief from a final judgment under certain specific circumstances. These include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Further, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) not more than one year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b)(6), which is Rule 60's "catchall provision," authorizes relief "for any reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6); Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and which "absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation and quotation omitted). Even if the circumstances are shown to be "sufficiently extraordinary to warrant relief . . . whether to grant the requested relief is a matter for the district court's sound discretion." Cano, 435 F.3d at 1342 (quotation and alteration omitted). Moreover, an appeal of a ruling on a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief. American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). As a result, Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal. *Id.*

Plaintiff has not alleged or shown that any of the reasons for granting relief under Rule 60(b) apply in this case or that he is able to overcome the statute of limitations bar that resulted in the dismissal of this action in January 2012. Plaintiff's motion to reopen should therefore be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion to reopen (doc. 9) be **DENIED**.

At Pensacola, Florida, this 26th day of November, 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:11cv604/MCR/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**